UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| OUEDRAOGO NESTOR,<br>A# 216 285 555,<br><br>                Petitioner,<br><br>vs.<br><br>ANDREW HURON, Officer-in-Charge, Pearsall, South Texas Processing Center; DANIEL BIBLE, San Antonio Field Operations Director, United States Immigration and Customs Enforcement, Office of Detention and Removal Operations, Department of Homeland Security; MATTHEW T. ALBENCE, Acting Director, United States Immigration and Customs Enforcement, Office of Detention and Removal Operations, Department of Homeland Security; THOMAS S. WIMKOWSKI, Assistant Secretary, ICE, Department of Homeland Security; and CHAD WOLF, Secretary of the United States Department of Homeland Security,<br><br>                Respondents. | SA-20-CV-0016-JKP |

## ORDER OF DISMISSAL

Before the Court is the 28 U.S.C. § 2241 Habeas Corpus Petition (ECF No. 1) filed by Ouedraogo Nestor ("Petitioner"), who challenges his detention pending removal by the Bureau of Immigration and Customs Enforcement (ICE). On February 18, 2020, Respondents filed an Advisory stating that on January 28, 2020, Petitioner was removed from the United States pursuant to a final order of removal, thereby mooting his complaint. (ECF No. 9).

A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (internal citation omitted). A habeas corpus petition is moot, and a federal court is without

jurisdiction to address the merits, where the petitioner seeks release but is released from custody before the case can be heard. *Lane v. Williams*, 455 U.S. 624, 631 (1982).

While physical detention is not required for a petitioner to meet the custody requirement and obtain habeas relief, *Rumsfeld v. Padilla*, 542 U.S. 426, 437 (2004), before a court can exercise habeas jurisdiction over a petitioner no longer in custody, "the petitioner must demonstrate that . . . his subsequent release has not rendered the petition moot, i.e., that he continues to present a case or controversy under Article III, § 2 of the Constitution" *Zalawadia v. Ashcroft*, 371 F.3d 292, 296 (5th Cir. 2004). "The petitioner presents an Article III controversy when he demonstrates 'some concrete and continuing injury other than the now-ended [detention] -- a 'collateral consequence of the conviction.'" *Id.* at 297 (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

In this case, Petitioner sought solely his release from ICE custody. As a result, his release renders his section 2241 petition moot. *See Francis v. Lynch*, 622 F. App'x 455, 455–56 (5th Cir. 2015) (challenge to ICE detention pending removal was moot where petitioner was no longer detained).

Accordingly, Petitioner's 28 U.S.C. § 2241 Habeas Corpus Petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE AS MOOT**.

**SIGNED** this 27th day of February, 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE